

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00564-CV

**CHRISTUS SANTA ROSA HEALTH CARE CORPORATION**,
Appellant

v.

Cynthia **VASQUEZ**, Terri Vasquez, Melissa Latimer, Sarah Vasquez, Michael Vasquez, and
Edward Vasquez, as heirs of George Vasquez Jr., Deceased,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-06475
Honorable Laura Salinas, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  February 5, 2014

AFFIRMED

This is a medical malpractice case.  On August 12, 2013, the trial court denied Appellant

Christus Santa Rosa Health Care Corporation's motion to dismiss based on the chapter 74 expert

report filed by the Vasquez Heirs Appellees.[1]  On appeal, Christus argues (1) the Vasquez Heirs'

expert, Dr. Luis Gonzalez Jr., is not qualified to provide a Chapter 74 expert report on acute care

general hospital nursing and (2) Dr. Gonzalez's report is inaccurate, conclusory, and speculative

---

[1] For purposes of this opinion, we refer to Cynthia Vasquez, Terri Vasquez, Melissa Latimer, Sarah Vasquez, Michael Vasquez, and Edward Vasquez, as heirs of George Vasquez Jr., Deceased as the "Vasquez Heirs."

and, therefore, does not meet the requirements outlined in Chapter 74. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2011).[2] The Vasquez Heirs contend that because Christus's motion to dismiss was set for hearing prior to the expiration of 120 days, Christus was not entitled to the relief requested. We agree with the assertions of the Vasquez Heirs and affirm the trial court's judgment.

## BACKGROUND

Fifty-seven year old George Vasquez Jr. was admitted to Christus Santa Rosa Hospital after first reporting to the emergency room following a fall. Vasquez was suffering from a fever, abdominal pain, back pain, altered mental state, an elevated white blood cell count, weakness of both legs, a diabetic ulcer to his left second toe, and inadequate nutrition for at least three days. The medical records from the emergency room include abnormal lab results, an EKG showing atrial fibrillation, and jaundice.

In addition to the emergency room medical records, Christus provided evidence that Mr. Vasquez was suffering from significant medical conditions prior to his arrival at the hospital. Further testing revealed Mr. Vasquez had an abdominal mass, an abscess and inflammation in both psoas muscles, an infection within his intervertebral disk space, and a methicillin-susceptible Staphylococcus aureus infection (MSSA). The physicians treated several of these issues during Mr. Vasquez's stay at Christus. On his thirteenth day at Christus, Mr. Vasquez developed a Stage II sacral pressure ulcer and was discharged shortly thereafter to a rehabilitation center. Mr. Vasquez passed away several months later.

---

[2] The current version of the statute applies to suits filed on or after September 1, 2013. Act of May 22, 2013, 83rd Leg., R.S., ch. 870, § 3(b), sec. 74.351(a), Tex. Sess. Law. Serv. 2220, 2220 (West). Because this suit was filed before September 1, 2013, the former version of the statute applies to the instant appeal. *See id.* Accordingly, all citations in this opinion are to the former version.

On April 17, 2013, the Vasquez Heirs filed a health care lawsuit against Christus and offered a report by Dr. Luis Gonzalez Jr. to satisfy the requirements of Chapter 74. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351.

Christus timely answered the lawsuit and objected to the expert report. The Vasquez Heirs filed an amended report on June 10, 2013, to which Christus filed a second motion to dismiss objecting that Dr. Gonzalez's report did not meet the Chapter 74 guidelines and failed to show that he was qualified to opine regarding the nursing care provided to Mr. Vasquez. Christus also argued the report was conclusory, speculative, and too general. The Vasquez Heirs filed a motion to overrule the Christus objections and its motion to dismiss.

### TEXAS CIVIL PRACTICE AND REMEDIES CODE SECTION 74.351

In cases where the decision turns on a fact question, an appellate court reviews a trial court's ruling on a motion to dismiss a health care liability claim for an abuse of discretion. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011); *Tex. Laurel Ridge Hosp., L.P. v. Almazan*, 374 S.W.3d 601, 604 (Tex. App.—San Antonio 2012, no pet.). However, the issue raised by the parties in this case requires this court to construe provisions of the Texas Medical Liability Act (the Act), which is a question of law we review de novo. *Stroud v. Grubb*, 328 S.W.3d 561, 563 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

The Act requires a claimant in a health care liability case to serve,

not later than the 120th day after the date the original petition was filed, . . . on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If an expert report has not been served within the 120-day deadline, the trial court must dismiss "the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim," provided that the "affected physician or

health care provider" files a motion to dismiss. *Id.* § 74.351(b). Under the Act, the trial court has the authority to grant a single thirty-day extension when a report is timely filed but is deficient in some other respect. *Id.* § 74.351(a), (c).

The dates on which each of the parties' documents were filed are significant in this case. The following chronology is therefore important in our analysis.

| | | |
|---|---|---|
| April 17, 2013 | | Vasquez Heirs' Original Petition filed |
| May 7, 2013 | day 20 | Christus' Original Answer filed |
| May 8, 2013 | day 21 | Christus' Objections to Vasquez Heirs' report filed |
| June 10, 2013 | day 55 | Vasquez Heirs' Amended Expert Report filed |
| June 26, 2013 | day 70 | Christus's Chapter 74.351 Objections to Amended Expert Report of Luis Gonzalez Jr., M.D. and Motion to Dismiss filed |
| July 16, 2013 | day 90 | Vasquez Heirs' Motion to Overrule Christus's Chapter 74.351 Objections to Amended Expert Report of Luis Gonzalez Jr., M.D. and Motion to Dismiss filed |
| July 30, 2013 | day 104 | Hearing before Judge Laura Salinas |
| August 12, 2013 | day 117 | Order signed denying Christus' Chapter 74.351 Objections to Amended Expert Report of Luis Gonzalez Jr., M.D. and Motion to Dismiss and granted the Vasquez Heirs' Motion to Overrule Christus's Objections to their Amended Expert Report |

**A.      Was the Vasquez Heirs' Motion to Overrule Christus's Chapter 74.351 Objections to Amended Expert Report of Luis Gonzalez Jr., M.D. Proper?**

At the beginning of the July 30, 2013 hearing, Christus conceded that the 120-day window for the Vasquez Heirs to file their expert report would not close until August 15, 2013.

> Christus:   [P]laintiffs' counsel filed a fiat setting for hearing their motion to overrule our objections, presumably so that they would have some time, within the 120 days, if their report was deemed insufficient, to correct that. So, since they put this issue in front of the Court, we also set it for hearing.
>
>      So I think what we've agreed to do is figure out what the Court thinks about the sufficiency of the expert report. If it is insufficient, or if it is—as we contend, it is no report, and the case should be dismissed. And if that is the case, then we agree the plaintiffs still have until their 120 days to try to correct that issue.

Chapter 74 required Christus to raise any objections to the Vasquez Heirs' expert report within twenty-one days after they were served, or any complaints were waived. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If a plaintiff chooses to serve its expert reports well before the 120-day deadline, as the Vasquez Heirs did in this case, Christus was still required to file objections to the report within twenty-one days after they were served, even though a motion to dismiss could not yet be filed. *Id.* By filing their expert report early, Christus's objections provided an opportunity for the Vasquez Heirs to correct any deficiencies in the report and re-serve the report before the 120-day deadline. *Id.* Thus, the Vasquez Heirs' motion seeking rulings on the Christus objections was proper.

**B.      Was Christus's Section 74.351 Motion to Dismiss Premature?**

The attorney for the Vasquez Heirs specifically asked the trial court to deny Christus's motion to dismiss because the 120-day time period had not yet expired.

> Vasquez:   Your Honor, before we proceed, I would like to have it on the record that their motion objecting to our expert report also seeks relief dismissing plaintiff[s'] claims and attorney's fees, which, as we have all acknowledged, cannot happen before the 120th day deadline. So, as such, because it is seeking those types of relief that they're not entitled to at this time, we would respectfully request that this Court deny defendant's motion to dismiss.

We agree with the Vasquez Heirs.

In *Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex. 2008), the Texas Supreme Court addressed the timeliness of hearings under Texas Civil Practice and Remedies Code section 74.351. Specifically, the court explained the 120-day deadline for filing of the report creates a bar before which a trial court cannot properly dismiss under section 74.351(a). *Id.*

> [S]ome challenges—specifically those filed within the first 120 days—*cannot* seek dismissal or fees until the 120-day window has closed. Only when that window has closed and no report has been filed can a defendant move for dismissal and fees under subpart (b).

*Id.* We further note that only subpart (b) of section 74.351 allows for a party to move for dismissal and fees. TEX. CIV. PRAC. & REM. CODE. ANN. § 74.351(b); *Funderburk*, 253 S.W.3d at 207. Similar to the argument made in *Silsbee Oaks Health Care, L.L.P. v. Melancon*, No. 09-12-00293-CV, 2012 WL 5289372, at *2–3 (Tex. App.—Beaumont Oct. 25, 2012, no pet.) (mem. op.), the Vasquez Heirs argue that "because the 120-day period provided for filing expert reports had not expired when the trial court ruled on [Christus's] objections to the expert reports, the trial court was not authorized" to rule on Christus's motion to dismiss.

As we previously explained, the trial court was authorized to rule on Christus's objections to the Vasquez Heirs' expert report and the Vasquez Heirs' motion to overrule Christus's objections. The trial court could not, however, grant or deny the motion to dismiss the cause of action during the 120-day window. *Funderburk*, 253 S.W.3d at 207; *Melancon*, 2012 WL 5289372, at *3; *Eikenhorst v. Wellbrock*, No. 01-07-00459-CV, 2008 WL 2339735, at *7 (Tex. App.—Houston [1st Dist.] June 5, 2008, no pet.) (mem. op.) (holding party may not file motion to dismiss until after 120-day window in section 74.351(b) has expired); *see also Davies v. Flores*, No. 01-12-00017-CV, 2012 WL 1893755, at *3 (Tex. App.—Houston [1st Dist.] May 24, 2012, no pet.) (mem. op.); *Renaissance Surgical Cntrs.-S. Tex., L.L.P. v. Jimenez*, No. 13-07-121-CV, 2008 WL 3971096, at *2 (Tex. App.—Corpus Christi Aug. 28, 2008, no pet.) (mem. op.). *But cf. In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009) ("The invited error doctrine applies to situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal."). Furthermore, if the trial court had dismissed the cause of action based on Chapter 74, this court would have had no option but to reverse and remand the matter back to the trial court. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 74.351(b). Regardless of the substance of Dr. Gonzalez's report, and whether it complied with Chapter 74, Christus was not entitled to a premature dismissal of the Vasquez Heirs' cause of action.

## CONCLUSION

Because the trial court could not properly grant the request sought by Christus's motion to dismiss, the motion was properly denied. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351; *Funderburk*, 253 S.W.3d at 207. Accordingly, we affirm the trial court's order denying the motion to dismiss.


Patricia O. Alvarez, Justice